# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

GERARD LAMAR PORTER,

    Plaintiff,

    v.

                                  Case No. 25-CV-1139-SCD

BOSTON FAM and
ASHLEY HOME STORE,

    Defendants.

## REPORT AND RECOMMENDATION

On August 1, 2025, Gerard Lamar Porter filed an employment discrimination complaint against his former employers, Ashley Home Store and parent company Boston FAM. *See* ECF No. 1. Porter, who is proceeding without a lawyer, paid the filing fee and asked the court to appoint a lawyer. *See* ECF Nos. 1, 2. I denied Porter's request for a lawyer, and advised Porter that, because he paid the filing fee, he is responsible for serving the defendants. *See* ECF Nos. 4, 5.

On February 18, 2026, I notified Porter that he had not demonstrated service of process within the time required by Rule 4(m) of the Federal Rules of Civil Procedure and had not requested help with service under Rule 4(c)(3). There was also no evidence that the defendants had waived service under Rule 4(d). I advised Porter that, unless I heard otherwise, I would dismiss this action without prejudice and without further notice in twenty-one days. *See* Fed. R. Civ. P. 41(b) and E.D. Wis. Civ. L. R. 41(a). *See* ECF No. 6.

On February 23, 2026, Porter filed a document that appeared to include a receipt for certified mail, an image of an envelope addressed to Ashley Furniture's HR Department, and

a screenshot of the tracking information confirming that a package was delivered to an individual. *See* ECF No. 7. I explained that certified mail is generally not an acceptable method of service under Wisconsin law, and gave Porter a deadline of April 27, 2026, to properly serve the defendants. *See* ECF No. 8. On April 15, 2026, Porter moved for the court to order service. ECF No. 9.

As explained in the service packet provided to Porter when he filed his complaint in August 2025, Rule 4(m) provides that a plaintiff must serve a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). If a defendant is not served within 90 days, the court must dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m). Fed. R. Civ. P. 4(c)(1). The plaintiff also must furnish the necessary copies of the complaint and summons to the person who makes service. Fed. R. Civ. P. 4(c)(1).

Here, Porter's original deadline to serve the defendant was October 30, 2025. *See* ECF No. 1. I have given Porter two extensions. *See* ECF Nos. 6, 8. Porter has not shown good cause for the failure to serve the defendants within the extended deadlines. Additionally, Porter has not provided a copy of the summons, which would be necessary to provide to the person who makes service. *See* Fed. R. Civ. P. 4(c)(1). As I explained in the two previous Rule 41 notices, "where the plaintiff has not effected service of process within the time required by Fed. R. Civ. P. 4(m), and the defendant has not waived service under Rule 4(d), after 21 days' notice . . . the Court may enter an order dismissing the action without prejudice." E.D. Wis. Civ. L. R. 41(a).

2

Because not all parties have had the opportunity to consent to magistrate-judge jurisdiction, I cannot "resolve the case finally." *See Coleman v. Labor & Indus. Review Comm'n*, 860 F.3d 461, 475 (7th Cir. 2017). Thus, the clerk of court shall randomly assign this matter to a district judge to consider the following recommendations: (1) that this case be **dismissed without prejudice**; (2) that Porter's motion for the court to order service, ECF No. 9, be **denied**; and (3) that judgment be entered accordingly.

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C), Fed. R. Civ. P. 72(b)(2), and E.D. Wis. Gen. L. R. 72(c), whereby written objections to any recommendation herein, or part thereof, may be filed within fourteen days of service of this recommendation. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Failure to file a timely objection with the district judge shall result in a waiver of your right to appeal. If no response or reply will be filed, please notify the court in writing.

**SO ORDERED** this 5th day of May, 2026.

STEPHEN C. DRIES
United States Magistrate Judge