GERALD LAMAR PORTER,

        Plaintiff,

        v.

BOSTON FAM and ASHLEY HOME STORE,

        Defendants.

Case No. 25-cv-1139-pp

---

**ORDER DECLINING TO ADOPT JUDGE DRIES'S REPORT AND RECOMMENDATION (DKT. NO. 10), DENYING PLANTIFF'S MOTION FOR SERVICE BY THE U.S. MARSHALS SERVICE (DKT. NO. 9) AND RETURNING CASE TO JUDGE DRIES FOR FURTHER PROCEEDINGS**

---

On August 1, 2025, the plaintiff, who is representing himself, filed a complaint alleging that the defendants had discriminated against him when they terminated his employment. Dkt. No. 1. The clerk's office randomly assigned the case to Magistrate Judge Stephen C. Dries. The plaintiff had paid the filing fee so, in a text-only order issued September 3, 2025, Judge Dries explained that the plaintiff was responsible for serving the defendants. Dkt. No. 5. Five months later, on February 18, 2026, Judge Dries issued a "Rule 41 Notice" stating that

> [the plaintiff] has not demonstrated that he effected service of process within the time required by Rule 4(m) of the Federal Rules of Civil Procedure and has not requested help with service under Rule 4(c)(3). There's also no evidence the defendant has waived service under Rule 4(d). Accordingly, unless I hear otherwise from the parties, I will dismiss this action without prejudice and without further notice in twenty-one days after the date of this order. *See* Fed. R. Civ. P. 41(b) and E.D. Wis. Civ. L. R. 41(a).

1

Dkt. No. 6.

On February 23, 2026, the court received from the plaintiff a "Proof of Service" which consists of a scanned image of a U.S. Postal Service certified mail receipt, an image of a package addressed to "HR. DEPT. Ashley Furniture & Appliance Dst. Center" and a screenshot of a USPS tracking number showing that a package had been delivered. Dkt. No. 7. On April 2, 2026, Judge Dries issued another "Rule 41 Notice," explaining that "[c]ertified mail is generally not an acceptable method of service under Wisconsin Law." Dkt. No. 8 at 2 (citing Fed. R. Civ. P. 4(h); Wis. Stat. §801.11(5)). Judge Dries stated:

> Generally, Rule 4(h) provides that a corporation must be served in the manner prescribed by state law. *See* Fed. R. Civ. P. 4(e)(1) & 4(h). For serving domestic or foreign corporations or LLCs, Wisconsin law requires service "[b]y personally serving the summons upon an officer, director or managing agent of the corporation or limited liability company either within or without this state. In lieu of delivering the copy of the summons to the officer specified, the copy may be left in the office of such officer, director or managing agent with the person who is apparently in charge of the office." Wis. Stat. § 801.11(5)(a). "If with reasonable diligence the defendant cannot be served under par. (a), then the summons may be served upon an officer, director or managing agent of the corporation or limited liability company by publication and mailing as provided in [Wis. Stat. § 801.11](1)." Wis. Stat. § 801.11(5)(b).
>
> [The plaintiff] has not shown proper service on either defendant. The court draws [the plaintiff's] attention to the requirements for service discussed in the procedural materials he received from this court. The court will give [the plaintiff] one final opportunity to properly serve the defendants and file proof of service. *See* Fed. R. Civ. P. 4(l). [The plaintiff] may have until **April 27, 2026** to properly serve the defendants in accordance with the relevant federal rules.

Id.

On April 15, 2026, the court received from the plaintiff a "Request for Court to Order Service." Dkt. No. 9. The plaintiff asked the court to order the

2

United States Marshals Service to serve the defendants. Id. at 2. He said that "[a]ny cost or fees associated with the service of the Marshals I don't have a [sic] issue paying." Id.

On May 5, 2026, Judge Dries issued a report recommending to this Article III court "(1) that this case be **dismissed without prejudice**; (2) that [the plaintiff's] motion for the court to order service, ECF No. 9, be **denied**; and (3) that judgment be entered accordingly." Dkt. No. 10. On May 18, 2026, the court received from the plaintiff objections to Judge Dries' report and recommendation. Dkt. No. 11.

## I. Judge Dries' Recommendation

### A. Report and Recommendation (Dkt. No. 10)

In recommending that this court dismiss the case, Judge Dries said:

As explained in the service packet provided to [the plaintiff] when he filed his complaint in August 2025, Rule 4(m) provides that a plaintiff must serve a defendant within 90 days of filing the complaint. Fed. R. Civ. P. 4(m). If a defendant is not served within 90 days, the court must dismiss the action without prejudice or order that service be made within a specified time. Fed. R. Civ. P. 4(m). If the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m). The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m). Fed. R. Civ. P. 4(c)(1). The plaintiff also must furnish the necessary copies of the complaint and summons to the person who makes service. Fed. R. Civ. P. 4(c)(1).

Here, [the plaintiff's] original deadline to serve the defendant was October 30, 2025. *See* ECF No. 1. I have given [the plaintiff] two extensions. *See* ECF Nos. 6, 8. [The plaintiff] has not shown good cause for the failure to serve the defendants within the extended deadlines. Additionally, [the plaintiff] has not provided a copy of the summons, which would be necessary to provide to the person who makes service. *See* Fed. R. Civ. P. 4(c)(1). As I explained in the two previous Rule 41 notices, "where the plaintiff has not effected

3

service of process within the time required by Fed. R. Civ. P. 4(m), and the defendant has not waived service under Rule 4(d), after 21 days' notice . . . the Court may enter an order dismissing the action without prejudice." E.D. Wis. Civ. L. R. 41(a).

Dkt. No. 10 at 2.

### B.    The Plaintiff's Objections (Dkt. No. 11)

The plaintiff acknowledges that he did not properly serve the defendants and that he missed the deadlines. Dkt. No. 11 at 1–2. He explains that he has attempted to follow all of the procedural rules of the court, but says that, as a non-lawyer, he has struggled. Id. at 1. The plaintiff states, "I am throwing myself to the mercy of the court and ask that all recommendations be objected and the court consider giving me another chance to properly serve the summons to the defendant in a timely manner." Id. at 2.

### C.    Legal Standard

After reviewing a magistrate judge's report and recommendation, a district court judge may accept, reject or modify—in whole or in part—the findings or recommendations the magistrate judge made in the report. Fed. R. Civ. P. 72(b). If a party objects to any part of the report, the district court must review those parts of the report *de novo* (in the first instance, without giving deference to the magistrate judge's findings). Id. Because the plaintiff objects to the entire report, this court reviews Judge Dries's recommendation *de novo*.

### D.    Analysis

Federal Rule of Civil Procedure 4(m) sets a ninety-day deadline for plaintiffs to serve defendants. The deadline starts when the plaintiff files the complaint. Fed. R. Civ. P. 4(m). If a plaintiff does not effectuate service in that

4

ninety-day period, the court "must dismiss the action without prejudice . . . or order that service be made within a specified time." Id. But "if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. Civil Local Rule 41(a) (E.D. Wis.) provides another avenue for dismissal:

> Where the plaintiff has not effected service of process within the time required by Fed. R. Civ. P. 4(m), and the defendant has not waived service under Rule 4(d), after 21 days' notice to the attorney of record for the plaintiff, or the plaintiff if pro se, the Court may enter an order dismissing the action without prejudice.

"The decision of whether to dismiss or extend the period for service is inherently discretionary[.]" Cardenas v. City of Chicago, 646 F.3d 1001, 1005 (7th Cir. 2011) (citing Fed. R. Civ. P. 4(b), (c)(1)). In deciding whether a plaintiff should get an extension of time (rather than having his case dismissed), courts typically consider the following non-exhaustive list of factors:

> whether the defendant's ability to defend would be harmed by an extension; whether the defendant received actual notice; whether the statute of limitations would prevent refiling of the action; whether the defendant evaded service; whether the defendant admitted liability; whether dismissal will result in a windfall to a defendant; whether the plaintiff eventually effected service; whether the plaintiff ever requested an extension from the court due to difficulties in perfecting service; and whether the plaintiff diligently pursued service during the allotted period.

Jones v. Ramos, 12 F.4th 745, 749 (7th Cir. 2021) (citing Cardenas, 646 F.3d at 1006–07). "Even if the balance of hardships appears to favor an extension, the district court retain[s] its discretion to hold the Plaintiffs accountable for their actions—or, more accurately, inaction—by dismissing the case." Id. (alteration in original) (quoting Cardenas, 646 F.3d at 1007).

Here, there is no question that the plaintiff did not serve the defendants within the ninety-day deadline of Rule 4(m) or the deadlines Judge Dries set, but this court concludes that the "balance of hardships" favors granting the plaintiff a final extension, rather than dismissing his case. The plaintiff filed his complaint on August 1, 2025, dkt. no. 1; his "proof of service" packet shows that he tried to send the complaint by certified mail on August 15, 2025, dkt. no. 7 at 1—well within the ninety days specified by the rule. But it appears that the plaintiff did not know that he had to notify the court that he had tried to effectuate service; it took Judge Dries issuing the February 18, 2026 Rule 41 notice for the plaintiff to provide the court with proof of service. But he provided that proof only a week later, on February 23, 2026.

It also appears that the plaintiff did not process the fact that Federal Rule of Civil Procedure 4 does not list certified mail as one of the acceptable methods of service. Otherwise he would not have submitted as his "proof of service" evidence that that is how he tried to serve the defendants. The plaintiff received a service packet back in August of 2025, when he filed his complaint; that packet mentioned Federal Rule of Civil Procedure 4. The court understands that the plaintiff is not a lawyer (he asked Judge Dries to appoint him a lawyer and Judge Dries denied that motion, in part because the plaintiff had not demonstrated that he'd tried to find a lawyer on his own, dkt. no. 4). But the law makes clear that self-represented persons "are not excused from compliance with procedural rules." Pearle Vision, Inc. v. Romm, 541 F.3d 751, 758 (7th Cir. 2008) (citing McNeil v. United States, 508 U.S. 106, 113 (1993)).

6

It is the plaintiff's responsibility to learn what the rules say about serving process, and then to follow them.

Nonetheless, each time Judge Dries set a deadline, the plaintiff acted promptly. He acted promptly in trying to effectuate service by certified mail (even though it was improper). He acted promptly in providing the court with proof that he'd tried to serve by certified mail. And after the second Rule 41 notice, he acted promptly in asking the court to have the U.S. Marshals serve his complaint. Because the plaintiff has tried to act diligently, the court concludes that one more extension of time is warranted. The court will decline to adopt Judge Dries's recommendation that the court dismiss the case at this stage.

That said, the plaintiff's request that this court have the U.S. Marshals Service serve the complaint and summons for the plaintiff is premature. The plaintiff has presented no evidence that he has tried to serve the defendants in the ways Rule 4(h) requires. It does not appear that he has tried to deliver a copy of the summons and complaint to an "officer, a managing or general agent, or any other agent authorized by appointment of law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant." Fed. R. Civ. P. 4(h)(1)(B). The plaintiff has presented no evidence that he tried to engage a process server—someone whose profession it is to effectuate service of process—to serve the summons and complaint. The plaintiff chose to bring this lawsuit; the court will not require the U.S. Marshals Service to utilize its time

to serve the defendants when the plaintiff has not demonstrated that he has tried to comply with the rules himself.

The court is including with this order a copy of Federal Rule of Civil Procedure 4. The court also strongly encourages the plaintiff to review the materials in the service packet he received, and to obtain a summons from the clerk's office. The court will give the plaintiff a final chance to effectuate service appropriately, as required by the federal rules.

## III. Conclusion

The court **DECLINES TO ADOPT** Judge Dries' report and recommendation.  Dkt. No. 10.

The court **DENIES** the plaintiff's motion for the court to order service through the United States Marshals Service. Dkt. No. 9.

The court **ORDERS** that the deadline for the plaintiff to properly effectuate service is **EXTENDED** to **August 28, 2026**. If the plaintiff does not properly serve the defendants, and provide the court with proof that he has done so, by the end of the day on August 28, 2026, the court may dismiss the case.

The court **ORDERS** that this case is **RETURNED** to Judge Dries for further proceedings.

Dated in Milwaukee, Wisconsin this 15th day of July, 2026.

BY THE COURT:

_____

HON. PAMELA PEPPER
**Chief United States District Judge**

8

# Rule 4. Summons

**(a) Contents; Amendments.**

**(1)** *Contents.* A summons must:

**(A)** name the court and the parties;

**(B)** be directed to the defendant;

**(C)** state the name and address of the plaintiff's attorney or--if unrepresented--of the plaintiff;

**(D)** state the time within which the defendant must appear and defend;

**(E)** notify the defendant that a failure to appear and defend will result in a default judgment against the defendant for the relief demanded in the complaint;

**(F)** be signed by the clerk; and

**(G)** bear the court's seal.

**(2)** *Amendments.* The court may permit a summons to be amended.

**(b) Issuance.** On or after filing the complaint, the plaintiff may present a summons to the clerk for signature and seal. If the summons is properly completed, the clerk must sign, seal, and issue it to the plaintiff for service on the defendant. A summons--or a copy of a summons that is addressed to multiple defendants--must be issued for each defendant to be served.

**(c) Service.**

**(1)** *In General.* A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.

**(2)** *By Whom.* Any person who is at least 18 years old and not a party may serve a summons and complaint.

**(3)** *By a Marshal or Someone Specially Appointed.* At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

**(d) Waiving Service.**

**(1)** *Requesting a Waiver.* An individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons. The plaintiff may notify such a defendant that an action has been

1

commenced and request that the defendant waive service of a summons. The notice and request must:

      **(A)** be in writing and be addressed:
          **(i)** to the individual defendant; or
          **(ii)** for a defendant subject to service under Rule 4(h), to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process;
      **(B)** name the court where the complaint was filed;
      **(C)** be accompanied by a copy of the complaint, 2 copies of the waiver form appended to this Rule 4, and a prepaid means for returning the form;
      **(D)** inform the defendant, using the form appended to this Rule 4, of the consequences of waiving and not waiving service;
      **(E)** state the date when the request is sent;
      **(F)** give the defendant a reasonable time of at least 30 days after the request was sent--or at least 60 days if sent to the defendant outside any judicial district of the United States--to return the waiver; and
      **(G)** be sent by first-class mail or other reliable means.

**(2)** *Failure to Waive.* If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant:

      **(A)** the expenses later incurred in making service; and
      **(B)** the reasonable expenses, including attorney's fees, of any motion required to collect those service expenses.

**(3)** *Time to Answer After a Waiver.* A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent--or until 90 days after it was sent to the defendant outside any judicial district of the United States.

**(4)** *Results of Filing a Waiver.* When the plaintiff files a waiver, proof of service is not required and these rules apply as if a summons and complaint had been served at the time of filing the waiver.

**(5)** *Jurisdiction and Venue Not Waived.* Waiving service of a summons does not waive any objection to personal jurisdiction or to venue.

**(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

**(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

2

**(2)** doing any of the following:

> **(A)** delivering a copy of the summons and of the complaint to the individual personally;
> **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
> **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

**(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed-- may be served at a place not within any judicial district of the United States:

> **(1)** by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;

> **(2)** if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

> > **(A)** as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;
> > **(B)** as the foreign authority directs in response to a letter rogatory or letter of request; or
> > **(C)** unless prohibited by the foreign country's law, by:
> > > **(i)** delivering a copy of the summons and of the complaint to the individual personally; or
> > > **(ii)** using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

> **(3)** by other means not prohibited by international agreement, as the court orders.

**(g) Serving a Minor or an Incompetent Person.** A minor or an incompetent person in a judicial district of the United States must be served by following state law for serving a summons or like process on such a defendant in an action brought in the courts of general jurisdiction of the state where service is made. A minor or an incompetent person who is not within any judicial district of the United States must be served in the manner prescribed by Rule 4(f)(2)(A), (f)(2)(B), or (f)(3).

**(h) Serving a Corporation, Partnership, or Association.** Unless federal law provides otherwise or the defendant's waiver has been filed, a domestic or foreign corporation, or a partnership or other unincorporated association that is subject to suit under a common name, must be served:

> **(1)** in a judicial district of the United States:

**(A)** in the manner prescribed by Rule 4(e)(1) for serving an individual; or
**(B)** by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant; or

**(2)** at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i).

**(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**

**(1)** *United States.* To serve the United States, a party must:

**(A)(i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk--or
**(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;
**(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and
**(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

**(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

**(3)** *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

**(4)** *Extending Time.* The court must allow a party a reasonable time to cure its failure to:

**(A)** serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or
**(B)** serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

**(j) Serving a Foreign, State, or Local Government.**

4

**(1)** *Foreign State.* A foreign state or its political subdivision, agency, or instrumentality must be served in accordance with 28 U.S.C. § 1608.

**(2)** *State or Local Government.* A state, a municipal corporation, or any other state-created governmental organization that is subject to suit must be served by:

> **(A)** delivering a copy of the summons and of the complaint to its chief executive officer; or
> **(B)** serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

**(k) Territorial Limits of Effective Service.**

> **(1)** *In General.* Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant:
>
> > **(A)** who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located;
> > **(B)** who is a party joined under Rule 14 or 19 and is served within a judicial district of the United States and not more than 100 miles from where the summons was issued; or
> > **(C)** when authorized by a federal statute.
>
> **(2)** *Federal Claim Outside State-Court Jurisdiction.* For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:
>
> > **(A)** the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> > **(B)** exercising jurisdiction is consistent with the United States Constitution and laws.

**(l) Proving Service.**

> **(1)** *Affidavit Required.* Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.
>
> **(2)** *Service Outside the United States.* Service not within any judicial district of the United States must be proved as follows:
>
> > **(A)** if made under Rule 4(f)(1), as provided in the applicable treaty or convention; or
> > **(B)** if made under Rule 4(f)(2) or (f)(3), by a receipt signed by the addressee, or by other evidence satisfying the court that the summons and complaint were delivered to the addressee.

5

**(3)** *Validity of Service; Amending Proof.* Failure to prove service does not affect the validity of service. The court may permit proof of service to be amended.

**(m) Time Limit for Service.** If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. This subdivision (m) does not apply to service in a foreign country under Rule 4(f), 4(h)(2), or 4(j)(1), or to service of a notice under Rule 71.1(d)(3)(A).

**(n) Asserting Jurisdiction over Property or Assets.**

**(1)** *Federal Law.* The court may assert jurisdiction over property if authorized by a federal statute. Notice to claimants of the property must be given as provided in the statute or by serving a summons under this rule.

**(2)** *State Law.* On a showing that personal jurisdiction over a defendant cannot be obtained in the district where the action is brought by reasonable efforts to serve a summons under this rule, the court may assert jurisdiction over the defendant's assets found in the district. Jurisdiction is acquired by seizing the assets under the circumstances and in the manner provided by state law in that district.

6